## FRANK BUDREVIE, PROSECUTOR, v. WRIGHT AERONAUTICAL CORPORATION, DEFENDANT.

Argued May 8, 1946—Decided December 17, 1946.

Before Justices Parker and Donges.

For the prosecutor, *Isadore Rabinowitz* and *Nathan Rabinowitz*.

For the defendant, *John W. Taylor*.

The opinion of the court was delivered by

Donges, J. This writ of *certiorari* was allowed to review a determination of the Passaic County Court of Common Pleas affirming a finding of the Workmen's Compensation Bureau which dismissed prosecutor's petition for compensation for injuries which he claimed he received as the result of an accident arising out of and in the course of his employment by the defendant. The finding of the lower tribunals was that the accident was not one arising out of the employment but was the result of horse-play.

Prosecutor worked at the factory of the defendant and on May 24th, 1941, following the lunch period, he was returning to his place of work by riding on a freight elevator from the basement to the second floor of the building. The elevator was 10 by 14 feet and had a wooden floor upon which, according to prosecutor, there was some oil, although this was denied. There were several other employees on the elevator and some boxes and barrels of material and, prosecutor says, also some containers of garbage. On the way up to the second floor a fellow employee pushed prosecutor. He fell and caught his leg in the shaft, causing serious injuries. Prosecutor denied at the hearing that he was engaging in horse-play or sportive conduct at the time of the accident, but we think the weight of the evidence indicates, as found in the Bureau and the Common Pleas, that there was horse-play in the course of which the prosecutor was pushed.

The contention of the prosecutor is that, regardless of any push or shove, he slipped upon the oily floor and that the slipping was at least a contributing factor in the accident and was disconnected from the horse-play and incidental to the employment. It is urged "that since the special conditions surrounding the employment added to the perils resulting

normally from the horse-play and caused an injury which was not solely and exclusively due to the horse-play alone, the accident is compensable. In other words, since the special circumstances surrounding the employment were at least contributory causes of the injury, it is sufficient to entitle prosecutor to his compensation." Prosecutor relies upon such cases as *Reynolds* v. *Passaic Valley Sewerage Commissioners,* 130 *N. J. L.* 437; *affirmed,* 131 *Id.* 327, where an employee fell against a stove in an epileptic fit; *Geltman* v. *Reliable Linen and Supply Co.,* 128 *Id.* 443, where an argument arising out of the driving of an automobile in the course of employment induced a heart attack; and *Gargano* v. *Essex County News Co.,* 129 *Id.* 369; *affirmed,* 130 *Id.* 559, where the employee was assaulted in the course of his employment. But we think these cases differ from one where the accident has its origin in horse-play, as here. Such accidents are not compensable. *Staubach* v. *Cities Service Oil Co.,* 126 *Id.* 479; *Hulley* v. *Moosbrugger,* 88 *Id.* 161. Nor do we think that the element of a slipping following the push alters the situation. It was said in *Hulley* v. *Moosbrugger, supra,* "We are of opinion that an employer is not liable under the Workmen's Compensation Act to make compensation for injury to an employee which was the result of horse-play or sky-larking, so called, whether the injured or deceased party instigated the occurrence or took no part in it, for, while an accident, happening in such circumstances, may arise in the course of, it cannot be said to arise out of, the employment." The test then is whether or not the injury was the result of sky-larking, and we find as a fact, after a weighing of the testimony, that in this case it was.

No claim is made in this case that the horse-play was habitual and was known to the employer so as to bring the case within the rule of cases of that nature.

The writ of *certiorari* is dismissed.